IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS

| CHARLES FAULK, | ) |
| --- | --- |
| PLAINTIFF, | ) |
|  | ) CIVIL ACTION NO. |
| VS. | ) |
|  | ) |
| OWENS CORNINGS | ) HON. |
| DEFENDANT. | ) |

## COMPLAINT

PLAINTIFF CHARLES FAULK, by and through his attorneys, CARLA D. AIKENS, P.L.C., submit the following Complaint against XX.

## JURY DEMAND

COMES NOW PLAINTIFF CHARLES FAULK and hereby makes his demand for trial by jury.

## JURISDICTION

1. At all times relevant to this complaint, Plaintiff Charles Faulk was a resident of Tarrant County in the State of Texas.

2. Defendant, Owens Cornings, is a domestic for profit corporation, with a continuous and systematic place of business located at 201 North Nursey Road, Irving, Texas 75061, Dallas County.

1

3. This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

## VENUE

4. Venue is proper in the Northern District of Texas because the unlawful employment actions giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

5. Plaintiff is an African American male.

6. Defendant hired Plaintiff on or about June 21, 2016 as a Utility Operator.

7. During the course of his employment, Plaintiff acquired additional roles including forklift driver, end of the line driver, and Raw Material Coordinator.

8. In Plaintiff's roles with Defendant, he was allowed to collect overtime, which could be viewed via a company portal.

9. In or around February 2022, Plaintiff's ability to collect overtime was cut off by Mike Brown, Plaintiff's Supervisor and an employee of Defendant, to stop Plaintiff from working overtime hours.

10. Mike Brown purposely excluded Plaintiff from overtime opportunities.

11. Supervisor Steven Brunt warned Plaintiff to check his overtime Categories to see why Plaintiff did not receive them because Mr. Brunt was the one who sends them out.

12. On or about February 20, 2022, Plaintiff reported to HR that Mike Brown went into the portal and cutoff Plaintiff's overtime collection.

13. Upon information and belief, Mr. Brown made this decision due to Plaintiff's race and that Mr. Brown felt Plaintiff was making too much money.

14. Defendant, upon information and belief, has a practice of discriminating against African-American employees by terminating them more quickly than others, and discriminating against them in their pay and benefits.

15. On or about March 25, 2022, Plaintiff was subjected to frivolous questioning because Mike Brown prompted an employee to improperly report Plaintiff to Human Resources.

16. This retaliatory act occurred due to Plaintiff reporting that Mike Brown had a Confederate flag posted on his Facebook page.

17. Upon information and belief, other employees saw this and other racially charged information on the Facebook page of Mike Brown, who attempted to erase all traces of this information.

18. Upon information and belief, Defendant's employee, Mike Brown, continued to discriminate against Plaintiff and other African-American employees solely on the basis of their race.

19. Further, Plaintiff is not aware of any action taken by Defendant to remedy the discrimination and retaliation experience by Plaintiff.

20. In June of 2022, Plaintiff was involved in a situation where a few pallets fell off a forklift he was driving.

21. As Plaintiff was heading into the building, another driver entered his path requiring Plaintiff to stop suddenly to avoid colliding with that driver.

22. This sudden stop caused a few pallets to fall.

23. Head safety Leader "Rhonda," told Plaintiff it was impossible to not drop pallets with all of the obstacles at that plant.

24. Rhonda was the person who would determine if an employee needed to be drug-tested, but she was on a 3-week vacation at that time, which allowed Mr. Brown to improperly take matters into his own hands.

25. Plaintiff, after returning from lunch, was told he needed to come back with Mr. Brown and submit to a drug test.

26. On or about June 13, 2022, Plaintiff was suspended, and drug-tested, whereas similarly situated employees who were not African American, Joseph Martinez and Zach Prophet, were not drug-tested for forklift infractions.

27. Upon information and belief, Plaintiff was never written up for the pallets dropping but was just forced to get drug-tested 30 minutes later.

28. Rhonda confirmed that Plaintiff should not have been drug-tested in a phone call she had with Plaintiff.

29. Upon information and belief, Rhonda included notations of this in the Plaintiff's file.

30. After this suspension, Plaintiff contacted the EEOC.

31. On or about July 18, 2022, Plaintiff was terminated from his position.

32. Plaintiff believed that his termination was due to discrimination and retaliation on the part of Defendant, through Defendant's employees or agents.

33. Plaintiff filed a charge with the EEOC on the basis of racial discrimination and retaliation.

34. The EEOC issued a notice of right to sue letter on November 1, 2022, and this lawsuit followed.

35. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT I
## DISCRIMINATION ON THE BASIS OF
## RACE IN VIOLATION OF TITLE VII

36. Plaintiff incorporates by reference all paragraphs 1 through 27.

37. Title VII prohibits discrimination because of race against protected persons in the workplace and obligates employers to take certain steps to prevent such discrimination.

38. While employed by Defendant, Plaintiff was the victim of discrimination because of his race by Defendant's managers, including, but not limited to, Mike Brown.

39. Plaintiff is aware of others outside his race who under similar circumstances were not subjected to this same treatment.

40. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

41. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

42. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e *et seq*. ("Title VII")

43. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

44. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

45. A respondeat superior relationship existed because Plaintiff's supervisors had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity, as alleged in the statement of facts.

46. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

47. Plaintiff engaged in a protected activity, as more fully laid out in the statement of facts, including, but not limited to, when he contacted Human Resources about the actions of Mike Brow, the attention the unfair treatment he received due to being African American, and contacted the EEOC prior to termination. Defendant was aware of the different treatment Caucasian co-workers received in Plaintiff's department under the supervision of Defendant's employees.

48. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because Plaintiff went directly to Human Resources with his issues.

49. After Plaintiff engaged in a protected activity, Defendant's agents thereafter harassed Plaintiff and took several adverse employment actions because of that activity, as alleged in the statement of facts and herein, subjecting Plaintiff to

severe and pervasive retaliatory harassment by a supervisor, culminating all the way to the termination of Plaintiff.

50. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

51. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

52. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

53. Plaintiff requests relief as described in the Prayer for Relief below.

## **RELIEF REQUESTED**

PLAINTIFF, CHARLES FAULK, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory and pecuniary damages in whatever amount to which Plaintiff is entitled;

2. Exemplary and/or punitive damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  January 30, 2023

                                    Respectfully Submitted,

                                    /s/Dimitri Dube
                                    DIMITRI DUBE PC
                                    325 N. St. Paul, Suite 2750
                                    Dallas, Texas 75201
                                    Tel: 469-484-5021
                                    Fax: 972-975-2010