UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES FAULK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0230-X |
| | § | |
| OWENS CORNING ROOFING AND ASPHALT, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Charles Faulk's Amended Motion for Leave to File Portions of Exhibit E to Plaintiff's Response to Defendant's Motion for Summary Judgment Under Seal. (Doc. 107). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. The Court **ORDERS** the parties to follow the Court's instructions for filing and redacting Exhibit E and the information that it contains. The Court **DENIES** the request to seal any documents outright. However, the Court allows partial redaction of some of the information.

### I.   Legal Standards

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

1

appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*"[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] If the Court seals information, it must give sufficient reasons to allow for appellate review.[6]

---

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

## II. Analysis

Faulk simultaneously requests that this Court seal Exhibits E and P to Plaintiff's Response to Defendant's Motion for Summary Judgment, while also requesting to file Exhibit E with certain redactions and Exhibit P unredacted and unsealed.[7]  The Court orders redactions and filing of the exhibits as follows.

### A. Exhibit E – Deposition of Charles Faulk[8]

In his deposition, Faulk describes personal activities that could subject him to other liability as well as information related to his children, their mother, and unrelated legal claims.  The Court denies the request to outright seal this exhibit.  However, the Court will allow Faulk to redact the lines 21:20-25:11; 26:18-21; 34:14-35:2; 39:20-24; 46:13-15; 48:6-9; 48:19-23; 98:6-101:8; 146:18-147:16; 151:5-15; 153:8-14; 192:7-10; 195:17-20; 219:1-2 of Exhibit E and provide the redacted file as an exhibit to his Response to Defendants' Motion for Summary Judgment to the Court within 14 days of the issuance of this Order.  The Court allows the redaction because the information is sensitive and discloses private information, the motion for summary judgment does not rely on this information, and the public's interest in knowing this information does not outweigh the privacy interests.

### B. Exhibit P – Text Messages[9]

Exhibit P consists of text messages that Defendants had marked confidential, so Plaintiff originally requested to seal the documents pursuant to the protective

---

[7] Doc. 107 at 2, 4.

[8] Doc. 108, Exhibit E.

[9] Doc. 74-2, Exhibit P.

orders between the parties. However, Faulk now represents to the Court that "[h]e does not believe Exhibit P needs to be sealed."[10] Because Faulk no longer seeks leave to file Exhibit P under seal, the Court denies the original request to seal this exhibit, and requires Faulk to file an unredacted and unsealed version of Exhibit P as an exhibit to his Response to Defendants' Motion for Summary Judgment to the Court within 14 days of the issuance of this Order.

### III.   Conclusion

The Court **ORDERS** the parties to comply with the Court's instructions contained herein. The Court's instructions are the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[11]

**IT IS SO ORDERED** this 17th day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] Doc. 107 at 4.

[11] *June Med. Servs.*, 22 F.4th at 521.