UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES FAULK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0230-X |
| | § | |
| OWENS CORNING ROOFING AND | § | |
| ASPHALT, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Charles Faulk's (Faulk) motion for review of clerk's taxation of costs and, to the extent necessary, for relief from the March 10, 2026, electronic order (Motion). (Doc. 119). Having reviewed the Motion, response, and applicable law, the Court **DENIES** the Motion.

## I.    Factual Background and Procedural Posture

In February 2025 the Court entered final judgment in favor of Defendant Owens Corning Roofing and Asphalt, LLC (Owens).[1] Faulk appealed.[2] And Owens filed a motion for costs and Bill of Costs.[3] But, in light of Faulk's appeal, the Court denied Owens's motion for costs stating that Owens may re-file the motion once the appeal was resolved.[4]

---

[1] Doc. 103.

[2] Doc. 104.

[3] Docs. 105, 106.

[4] Doc. 109.

1

The Fifth Circuit issued its judgment and mandate affirming this Court's judgment, and the Court subsequently ordered Owens to refile its motion for costs.[5] Owens did so, and Faulk failed to respond, so the Court granted Owens's motion.[6] The Clerk's Office subsequently taxed costs in the amount of $27,369.09 against Faulk.[7] Faulk then filed the present Motion asserting his failure to respond was due to mistake.[8] Faulk does not challenge Owens's right to renew its request for costs but instead asks the Court to scrutinize whether certain costs are properly recoverable.[9]

## II.    Legal Standard

Federal Rule of Civil Procedure 60(b)(1) allows a court to provide relief from an order due to mistake, inadvertence, surprise, or excusable neglect.

## III.    Analysis

Faulk's request for review of the Clerk's taxation of costs is untimely.  Owens refiled its motion for costs on January 21, 2026.[10]  Faulk did not respond within the allotted 21 days.[11]  The Court therefore granted Owens's motion for costs.[12]

Faulk contends that his failure to respond resulted from a good faith misunderstanding and asks the Court to review the taxed costs notwithstanding his

---

[5] Docs. 113, 114, 115.

[6] Docs. 116, 117.

[7] Doc. 118.

[8] Doc. 119 at 3.

[9] *Id.*

[10] Doc. 116.

[11] Local Rule 7.1(e).

[12] Doc. 117.

untimely response.[13]   Even assuming, without deciding, that Faulk's failure to respond resulted from mistake or excusable neglect sufficient to warrant relief under Rule 60(b)(1), Faulk's objections fail on the merits.

First, Faulk argues that the taxed amount should be reviewed because it exceeds the amount Owens requested.[14]  This argument fails.  Owens's motion for costs and affidavit requested $27,220.97 in costs.[15]  The Clerk's Office taxed costs against Faulk in the amount of $27,369.09.[16]  The $148.12 differential reflects the mandatory witness fees paid to witnesses who appeared for Court-ordered depositions.[17]  Accordingly, the Court finds that the Clerk's Office's calculation was not erroneous.

Second, Faulk asserts that the taxed costs should be reduced substantially and challenges various deposition-related charges, a hearing transcript, and other administrative charges.[18]  Even if Faulk had timely raised these objections, his objections are meritless.

Federal Rule of Civil Procedure 54(d)(1) directs a court to award costs—other than attorney's fees—to the prevailing party.  Because a strong presumption for

---

[13] Doc. 119 at 3–4.

[14] *Id.* at 4.

[15] Doc. 116 at 7.

[16] Doc. 118.

[17] Docs. 84, 106.

[18] Doc. 119 at 4.

awarding costs exists, "a court may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so."[19]

Costs for original deposition transcripts and copies are recoverable if they were necessarily obtained for use in the case, even if they were only reasonably expected to be used during pretrial proceedings.[20]  Likewise, prevailing parties may recover videographer fees for videotaped depositions obtained for use in the case.[21]

Here, Faulk has failed to identify a valid basis for reducing any of the taxed costs.  Owens supported its motion for costs with competent evidence and addressed each of Faulk's objections, explaining why each challenged expense is recoverable.[22] Specifically, the majority of the deposition-related expenses that Faulk challenges were incurred at his request or pursuant to this Court's order.[23]  The only deposition Owens noticed was Faulk's, which Owens relied upon in support of its motion for summary judgment.[24]  Likewise, the hearing transcript, exemplification and copying costs, records procurement expenses, and witness fees were adequately documented and were reasonably and necessarily incurred for use in this case.  To the extent Faulk challenges the expedited hearing transcript, administrative charges associated

---

[19] *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (cleaned up).

[20] *See* 28 U.S.C. § 1920(2); *West Wind Afr. Line, Ltd. v. Corpus Christi Marine Servs., Co.*, 834 F.2d 1232, 1237–38 (5th Cir. 1988)

[21] *See Spear Mktg, Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, *14 (N.D. Tex. Jan. 14, 2016) (Boyle, J.) (citing *S & D Trading Acad. LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450–51 (5th Cir. 2009)).

[22] *See* Doc. 120.

[23] Docs. 30, 43, 43-1, 48, 60, 84.

[24] Doc. 63.

with obtaining third-party records, or the documentation supporting statutory witness fees, the Court finds those objections unsupported by the record and insufficient to overcome the presumption in favor of awarding costs under Rule 54(d).

Accordingly, even assuming Faulk is entitled to relief under Rule 60(b)(1) from the Court's Order granting Owens's unopposed motion for costs, the Court concludes that Faulk has identified no valid basis for reducing any portion of the costs taxed by the Clerk's Office and that Owens is entitled to recover the full amount of costs taxed.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Charles Faulk's Motion.  (Doc. 119).

**IT IS SO ORDERED** this 6th day of July, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE